COPE, J.
Enrique Garcia appeals an order denying his motion to correct illegal sentence. We affirm in part and reverse in part.
In 1996, defendant-appellant Garcia entered guilty pleas in circuit court case number 90-7244 plus eight cases bearing 1994 case numbers. In the 1994 cases the disposition was forty years on each count as a habitual violent offender (“HVO”) with a fifteen-year mandatory minimum sentence, or on some counts thirty years as an HVO with a fifteen-year mandatory minimum sentence.
In subsequent proceedings, the defendant filed a motion to correct illegal sentence as to two counts in two of the 1994 cases. Garcia v. State, 796 So.2d 647 (Fla. 3d DCA 2001). He now seeks the same relief with regard to other counts in those two 1994 cases, plus the remainder of his 1994 cases.
The State concedes that the defendant is entitled to relief on a number of counts in the 1994 cases, but disputes his entitlement to relief on certain of the counts. That being so, we reverse the 3.800 order and remand for a hearing on the defendant’s challenge to his habitualization in the 1994 cases. See Garcia and cases cited therein. The defendant is entitled to the appointment of counsel for purposes of that proceeding.
The defendant also challenges his HVO mandatory minimum sentences. With regard to those counts on which the HVO adjudication is eliminated, the issue becomes moot. With regard to the counts (if any) on which the HVO status remains intact, the defendant is not entitled to relief. That is so because the HVO mandatory minimum terms were explicitly agreed on as part of the plea bargain. On those counts (if any) on which the defendant actually qualifies for HVO adjudication, the HVO mandatory minimum sentences are legal sentences.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.